# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 323584 | FOR COURT USE ONLY |
|---|---|---|

NAME: Simon Moshkovic, Esq.
FIRM NAME: Mercer Legal Group, PC
STREET ADDRESS: 21031 Ventura Blvd., Suite 103
CITY: Woodland Hills        STATE: CA      ZIP CODE: 91364
TELEPHONE NO.: (818) 538-3458      FAX NO. : (818) 538-3263
E-MAIL ADDRESS: simon@lawmercer.com
ATTORNEY FOR (Name): Plaintiff, MYRON REAMER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
 STREET ADDRESS: 247 West Third St.
 MAILING ADDRESS: 247 West Third St.
 CITY AND ZIP CODE:    San Bernardino, CA 92415
 BRANCH NAME:   San Bernardino Justice Center

Plaintiff/Petitioner:  MYRON REAMER

Defendant/Respondent:  LEGGET & PLATT, ET. AL.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: CIVSB2501904 |
|---|---|

TO (insert name of party being served): SOURCENOW, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  March 4, 2025

Simon Moshkovich, Esq.
(TYPE OR PRINT NAME)

*Simon Moshkovich*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1.  [x]  A copy of the summons and of the complaint.
2.  [x]  Other *(specify)*:

    Civil Case Cover Sheet; Certificate of Assignment; Request to Waive Court Fees; Order on Court Fee Waiver; Notice of Trial Setting Conference and Notice of Case Assignment; Alternative Dispute Resolution Information Sheet

*(To be completed by recipient)*:

Date this form is signed:  March 24, 2025

Ali Hmoud, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

*Ali Hmoud*  Attorney for Defendant
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LEGGETT & PLATT, INCORPORATED, a Missouri corporation; SOURCENOW, LLC, a Delaware limited liability company; and DOES 1 through 100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MYRON REAMER, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
2/20/2025
By: Allexus Fierro, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Justice Center

247 West Third St., San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*

CIVSB2501904

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Simon Moshkovich, Esq., Mercer Legal Group, PC; 21031 Ventura Blvd., #103. Woodland Hills, CA 91364; (818) 538-3458

DATE:
*(Fecha)* 2/20/2025

Clerk, by
*(Secretario)* /s/ Allexus Fierro , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
2/18/2025 2:44 PM
By: Allexus Fierro, DEPUTY

Simon Moshkovich, Esq. (SBN 323584)
**MERCER LEGAL GROUP**
21031 Ventura Blvd., Suite 103
Woodland Hills, CA 91364
Tel: (818) 538-3458
Fax: (818) 538-3263
simon@lawmercer.com

Attorney for Plaintiff

MYRON REAMER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| MYRON REAMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LEGGETT & PLATT, INCORPORATED, a Missouri corporation; SOURCENOW, LLC, a Delaware limited liability company; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: CIVSB2501904<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>2. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5; AND**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

1

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff, MYRON REAMER, hereby brings his employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

**THE PARTIES**

1. At all times mentioned herein, Plaintiff, MYRON REAMER ("Plaintiff") was an individual and a resident of the State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant LEGGETT & PLATT, INCORPORATED. ("L&P"), is a Missouri corporation, doing business at 42455 10th Street W., Suite 103, Lancaster, CA 93534. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant SOURCE NOW, LLC ("Source Now"), is a Delaware limited liability company, doing business in California. Defendant was Plaintiff's joint employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

4. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately hereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein. In doing the acts and/or omissions

2

**COMPLAINT FOR DAMAGES**

alleged herein, each of said Defendants acted within the course and scope of his or his relationship with any other Defendant

## FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant L&P in or around February 2024 when he was placed there by staffing agency, Defendant Source Now. As a Loader/Driver, his duties included the preparation of material, shipping and receiving material, as well as general maintenance around the warehouse.

7. On July 25, 2024, while in the process of recycling leftover material, Plaintiff suffered an injury when his blade slipped and cut through his glove, slicing his right index finger. Plaintiff immediately reported his injury to his supervisor Gustavo, and was then driven by David to Concentra for medical treatment.

8. After the examination at Concentra, and in David's presence, Plaintiff was provided with work restrictions including no gripping, squeezing or pinching with his right upper extremity and the use of a splint/brace. David addressed the physician and advised that Plaintiff should be placed in a position at Defendant L&P's facility to label products, which would accommodate his restrictions.

9. When Plaintiff returned to work, Defendant L&P failed to accommodate him as promised. Instead, he was placed in his original position which violated his restrictions. Plaintiff was forced to use his injured hand to continue to lift heavy objects, which aggravated the pain in his laceration.

10. Plaintiff made a complaint to Joe, Source Now's staffing agent, and informed him he was lifting heavy objects, which was against his work restrictions.

11. Throughout the week following Plaintiff's injury, he worked full shifts without any accommodation. Plaintiff's position once again required him to lift heavy objects in addition to grabbing and gripping with the use of his right hand to remove the plastic wrapping off the material. The labeling position that was promised to him by David was open and available, but it was not offered to Plaintiff.

12. On or around July 31, 2024, while Plaintiff's work restrictions were in effect, he was asked

3

**COMPLAINT FOR DAMAGES**

to climb under the warehouse equipment for maintenance. This task also violated his work restrictions. When Plaintiff refused to perform the task for this reason, Oscar became upset and stated that if he wasn't able to do other duties, Plaintiff would have to go home because there's nothing else for him to do.

13. Later, Plaintiff was escorted out of the warehouse and was forced to go home.

14. Later that day Plaintiff received a text message from Alma (last name unknown), an employee of Source Now, asking him not to show up to work at Defendant L&P and instead to attend Source Now's office.

15. On August 01, 2024, Plaintiff attended Source Now's office and was terminated with no reason provided to him for his termination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff filed a complaint against Defendant with the California Civil Rights Department ("CRD") on February 18, 2025. The CRD issued Plaintiff a "Right-to-Sue" letter that same day. This Complaint is timely filed pursuant to that letter. Venue is proper in San Bernardino because that is where Plaintiff worked and where the discriminatory conduct occurred.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

17. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

18. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

19. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability/perceived disability and to prevent discrimination on the basis of disability/perceived disability from occurring.

20. Plaintiff is a member of a protected class as a disabled individual who sustained a workplace injury affecting major life activities, of which Defendants had both actual and constructive knowledge.

21. At all times relevant hereto, Plaintiff was performing competently in his position held with

4

**COMPLAINT FOR DAMAGES**

Defendants until his injury.

22. Plaintiff suffered the adverse employment actions of denial of accommodation, retaliation, and wrongful termination, and was harmed thereby.

23. Plaintiff is informed and believes that his disability/perceived disability was a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

24. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

25. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

26. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition.

27. At all relevant times, Plaintiff was a member of a protected class within the meaning of Government Code §§12940(a) & 12986(1) et seq. because he had a disability that affected his major life activities, of which Defendants had both actual and constructive knowledge. Plaintiff was forced to work full shifts without any accommodation and given tasks that violated his work restrictions. Defendants failed to engage in any meaningful interactive process regarding his restrictions and instead placed him in positions that violated those restrictions before ultimately terminating his employment. When Plaintiff refused to do the tasks that violated his work restrictions, Defendants terminated his employment 1 day later. By virtue of such termination, Defendant failed to provide Plaintiff reasonable accommodations.

5

**COMPLAINT FOR DAMAGES**

28. The above-said acts of Defendant constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

29. The foregoing conduct of Defendant individually, or by and through their managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

30. Pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

### (Against ALL Defendants)

31. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

32. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition.

33. At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because he had a disability that affected his major life activities, of which Defendants had both actual and constructive knowledge.

34. Defendant failed to engage in any interactive process with Plaintiff regarding potential accommodation for his injuries and instead terminated his employment violating his work

6

**COMPLAINT FOR DAMAGES**

restrictions.

35. The above-said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

36. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

37. Pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against ALL Defendants)

38. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

39. The FEHA prohibits employers from retaliating against employees for engaging in protected activities.

40. Plaintiff engaged in protected activities by requesting accommodations for his workplace injury and by complaining about being forced to work in violation of his medical restrictions.

41. As a proximate result of the aforesaid actions of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.

42. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

**COMPLAINT FOR DAMAGES**

well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

43. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

44. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5

### (Against ALL Defendants)

45. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

46. California Labor Code § 1102.5(b) prohibits an employer from retaliating against an employee for disclosing information to a person with authority over the employee if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

47. Plaintiff reported violations of his work restrictions to multiple supervisors, including Joe at Source Now and Oscar at L&P. When Plaintiff refused to perform tasks that violated his medical restrictions, he was sent home and subsequently terminated.

8

**COMPLAINT FOR DAMAGES**

48. As a result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

49. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

50. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA is to prohibit employers from discriminating and retaliating against any individual based on age, disabilities and/or for engaging in a protected activity. This public policy of the State of California is designed to protect all employees and promote the welfare and well-being of the community at large. Accordingly, the actions of Defendant, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in the FEHA and the laws and regulations promulgated thereunder.

51. Defendant's termination of Plaintiff while he was under work restrictions from injuries sustained in an work accident, violates the fundamental public policy of the State of California against disability discrimination. Plaintiff was wrongfully terminated on the basis of his disabilities. Plaintiff will seek recovery of his damages for Defendants' unlawful conduct in terminating his in violation of public policy.

52. Under California law, there is a fundamental and well-established public policy against harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic and/or engaged in a protected activity are contrary to said public policy and are thus actionable under the common law of this state.

9

**COMPLAINT FOR DAMAGES**

53. As a proximate result of the aforesaid acts of Defendant, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in his field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

54. Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows**:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For special damages, according to proof;

3. For punitive damages;

4. For loss of earnings, according to proof;

5. For attorneys' fees, according to proof;

6. For prejudgment interest, according to proof;

7. For costs of suit incurred herein; and

8. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: February 18, 2025                    **MERCER LEGAL GROUP**

By:  *Simon Moshkovich*
SIMON MOSHKOVICH
Attorney for Plaintiff

10

**COMPLAINT FOR DAMAGES**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| REAMER -v- LEGGET & PLATT INCORPORATED,  et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2501904 |

Mercer Legal Group, PC
21031 Ventura Blvd Suite 103
Woodland Hills CA  91364

This case has been assigned to:   Jeffrey R Erickson in Department S14 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  8/19/2025 at 8:30 AM in Department S14 - SBJC

Date:  2/20/2025                                      By:  _____
                                                               Allexus Fierro, Deputy Clerk

------------------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐   A copy of this notice was given to the filing party at the counter.

☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  2/20/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 2/20/2025 at San Bernardino, CA.

By:  _____
       Allexus Fierro, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

MYRON REAMER

Case No.: __CIVSB2501904__

vs.

**CERTIFICATE OF ASSIGNMENT**

LEGGET & PLATT, INC., ET AL

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the __San Bernardino - Civil__ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

☑ General        ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other EMPLOYMENT | Cause of action arose in this district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| LEGGET & PLATT, INC. | 1050 S Dupont Ave, Ontario |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| San Bernardino | CA | 91761 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on __2/18/2025__ at __Los Angeles__ , California.

*Simon Moshkovich*
Signature of Attorney/Party

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Simon Moshkovich, Esq. (SBN 323584) Mercer Legal Group, PC 21031 Ventura Blvd., Suite 103. Woodland, CA 91364 <br><br> TELEPHONE NO.: (818) 538-3458    FAX NO.: (818) 538-3263 <br> EMAIL ADDRESS: simon@lawmercer.com <br> ATTORNEY FOR *(Name):* Plaintiff, MYRON REAMER | ELECTRONICALLY FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT 2/18/2025 2:44 PM By: Allexus Fierro, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 West Third St.
MAILING ADDRESS: 247 West Third St.
CITY AND ZIP CODE: CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
MYRON REAMER v LEGGETT & PLATT, INC, ET. AL.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVSB2501904 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[x] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/18/2025

Simon Moshkovich, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Simon Moshkovich*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
    toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
            or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
        harassment)*
        Mechanics Lien
        Other Commercial Complaint
        Case *(non-tort/non-complex)*
        Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

# EXHIBIT B

Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Ali Hmoud, Esq. (SBN 352254)
ahmoud@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
1230 Columbia St., Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
SOURCENOW, LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MYRON REAMER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LEGGETT & PLATT, INCORPORATED, a Missouri corporation; SOURCENOW, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF STACY L. FODE IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>State Action Filed: February 18, 2025 |

---

*Myron Reamer v. SourceNow, LLC*     Case No.
DECLARATION OF STACY L. FODE, ESQ., IN SUPPORT OF NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT          Page 1 of 2

I, Stacy L. Fode, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in the above-entitled Court.  I am a Counsel at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant SOURCENOW, LLC ("Defendant").

2.      On February 18, 2025, Plaintiff MYRON REAMER ("Plaintiff") filed his original unverified complaint in the Superior Court of the State of California for the County of San Bernardino, entitled *MYRON REAMER v. LEGGETT & PLATT, INC., ET AL.* Case No. CIVSB2501904 (the "State Court Action").

3.      On March 24, 2025, Defendant was served with a copy of the Summons and unverified Complaint via accepting service by Notice of Acknowledgment and Receipt. Defendant obtained from the State Court Action docket additional filings including Notice of Case Assignment and Notice of Trial Setting Conference, Civil Case Cover Sheet, and Certificate of Assignment.  True and correct copies of the above-referenced documents including the Summons, unverified Complaint, and all related case documents are attached to Defendant's Notice of Removal as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 23rd day of April, 2025, in San Diego, California.

By: _____
    Stacy L. Fode, Esq.

# EXHIBIT C

Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Ali Hmoud, Esq. (SBN 352254)
ahmoud@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
1230 Columbia Street, Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
SOURCENOW LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVSION

| | |
|---|---|
| MYRON REAMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LEGGETT & PLATT, INCORPORATED, a Missouri corporation; SOURCENOW, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ESSENCE CORLEY IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>State Action Filed: February 18, 2025 |

*Myron Reamer v. SourceNow, LLC*    Case No.
DECLARATION OF ESSENCE CORLEY IN SUPPORT OF NOTICE TO
FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT
Page 1 of 2

I, Essence Corley, declare as follows:

1.    I am a Human Resources Director at SOURCENOW LLC ("SourceNow" or "Defendant"). I have personal knowledge of the facts stated in this Declaration. If called upon to do so, I could and would testify competently thereto. I submit this Declaration in support of SourceNow's Notice of Removal of this action.

2.    Myron Reamer's, a former employee of SourceNow, ("Plaintiff") employment records kept in the ordinary course of SourceNow's business establish that during all relevant times, Plaintiff's mailing address was in Rancho Cucamonga, California.

3.    SourceNow is a corporation organized under the laws of the State of Delaware with its principal place of business in Florida.

4.    Plaintiff's hourly rate at the time of his separation from SourceNow was $17.50 per hour.

5.    While Plaintiff's hours sometimes varied, he was regularly scheduled for and often worked approximately 40 hours per week.

6.    Plaintiff commenced employment with SourceNow on or about June 19, 2023, and was separated on or about August 1, 2024.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 21 day of April , 2025 in San Diego, California.

By: *Essence Corley*
_____
Essence Corley

*Myron Reamer v. SourceNow, LLC*    Case No.
DECLARATION OF ESSENCE CORLEY IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT
Page 2 of 2