# EXHIBIT 5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MYRON REAMER, AN INDIVIDUAL,

Plaintiff,

vs.

LEGGETT & PLATT, INCORPORATED, A MISSOURI CORPORATION; SOURCENOW, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND DOES 1-100, INCLUSIVE,

Defendants.

Case No. 5:25-CV-00994-JLS-SPX

_____

VIDEOTAPED DEPOSITION OF MYRON J. REAMER

Los Angeles, California

Thursday, February 26, 2026

Reported by:
MARIA ELLERSICK
CSR No. 10531
Job No. 7884227
PAGES 1 - 129

Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MYRON REAMER, AN INDIVIDUAL,

      Plaintiff,

  vs.                    Case No.

                              5:25-CV-00994-JLS-SPX

LEGGETT & PLATT,

INCORPORATED, A MISSOURI

CORPORATION; SOURCENOW, LLC,

A DELAWARE LIMITED LIABILITY

COMPANY; AND DOES 1-100,

INCLUSIVE,

       Defendants.

_____

Videotaped Deposition of MYRON J. REAMER, taken on behalf of Defendant SourceNow, LLC, at 2029 Century Park East, Suite 1200, Los Angeles, California, beginning at 10:13 a.m. and ending at 1:03 p.m. on Thursday, February 26, 2026, before MARIA ELLERSICK, Certified Shorthand Reporter No. 10531.

Page 2

APPEARANCES:


For Plaintiff:

MERCER LEGAL GROUP, PC

BY:  SARA SALINAS

Attorney at Law

21031 Ventura Boulevard, Suite 103

Woodland Hills, California 91364

(818) 538-3458

Email:  sara@lawmercer.com


For Defendant SourceNow, LLC:

CARLTON FIELDS, LLP

BY:  MARK A. NEUBAUER

Attorney at Law

2029 Century Park East, Suite 1200

Los Angeles, California 90067

(310) 843-6300

Email:  mneubauer@carltonfields.com

Page 3

APPEARANCES (Continued):


For Defendant Leggett & Platt, Incorporated:

        HIGGS, FLETCHER & MACK, LLP

        BY:   JUSTIN T. CARTER

        Attorney at Law

        401 West A Street, Suite 2600

        San Diego, California 92101

        (619) 236-1551

        Email:  carterj@higgslaw.com




 Videographer:

        Jacob Florez

Page 4

A    Yeah.

Q    And that's 2020- -- which injury?

A    The injury on the finger.

Q    The finger.

A    Yeah.                                          11:05:42

Q    It's July 24th?

A    25th of 2024.

Q    Okay.  Now, during our recess, other than talking with your counsel, did you review any documents?                                          11:05:56

A    No.

Q    Okay.  All right.  Well, let's go back. Now, you're asking my client for lost wages in this case; correct?

A    Yes, sir.                                      11:06:05

Q    How much in lost wages are you asking for?

     MS. SALINAS:  Objection.  Calls for a legal conclusion.

     You may answer if you know.

     THE WITNESS:  Just what's deserved.          11:06:12

BY MR. NEUBAUER:

Q    And what do you believe is deserved?

     MS. SALINAS:  Same objections.

BY MR. NEUBAUER:

Q    You can answer.                               11:06:19

Page 48

A    Whatever, you know, that is presented.

Q    Well, when you say "presented," how much do you believe you're owed by my client?

MS. SALINAS:  Same objections.  Calls for legal conclusion, but you may answer.          11:06:32

THE WITNESS:  Yeah, I mean, you know, whatever is deserved to me.

BY MR. NEUBAUER:

Q    So as we sit here, you have no opinion as to how much you're owed; correct?          11:06:44

A    I mean --

MS. SALINAS:  Same objections.  Asked and answered.

THE WITNESS:  It's -- I mean, you know, I don't want to put no figure out there.  It's -- you     11:06:52 know, that's kind of tacky.

BY MR. NEUBAUER:

Q    When you say "tacky" -- you're going to be asked to testify in this case.  You understand that?

A    Oh, yeah.  I have no problem with that.     11:07:04

Q    I understand that.  But in your testimony, you're not going to suggest to the judge or jury the amount of damages you should recover?  Is that your testimony today?

MS. SALINAS:  Objection.  Calls for legal     11:07:14

Page 49

conclusion.  Misstates his prior testimony.

You may answer, but I would advise you to listen to my objections.  Go ahead.

THE WITNESS:  Like I said, whatever is deserved to me.                                          11:07:28

BY MR. NEUBAUER:

Q   It's a simple question, sir.  How much do you think my client owes you?

MS. SALINAS:  Objection.  Asked and answered.                                                     11:07:34

You can give your same answer again.

MR. NEUBAUER:  I haven't asked that, ma'am.

MS. SALINAS:  Okay.  All right.  Feel free to answer that question.

THE WITNESS:  Whatever is deserved to me.     11:07:41

BY MR. NEUBAUER:

Q   And how much do you think is deserved?

MS. SALINAS:  Same objections.

THE WITNESS:  It's going to be the same thing over and over.  Whatever is deserved to me.     11:07:47

BY MR. NEUBAUER:

Q   But you're going to leave it to the judge and jury to decide; correct?

A   Yes, sir.

Q   All right.  So you haven't made any          11:07:57

Page 50

calculation on your own part of how much you believe

you're owed by my client; correct?

     A    No.

          MS. SALINAS:  Objection.  Calls for legal

conclusion.  Asked and answered.                        11:08:06

          You may answer.

          MR. NEUBAUER:  Counsel, you misstate what

my -- you better listen to my question, with all due

regard.  It's not what I asked, but we had an

answer.                                                 11:08:15

     Q    Now, you're also asking for emotional

distress damages.  Do you understand that?

     A    Yes, sir.

     Q    You've read your complaint in this case;

correct?                                                11:08:23

          MS. SALINAS:  Objection.  Assumes facts.

          You may answer.

          THE WITNESS:  I know my own complaint,

yeah.

BY MR. NEUBAUER:                                        11:08:29

     Q    All right.  And what emotional distress do

you claim you've suffered as a result of any

wrongdoing by my client?

     A    Oh, man, from anxiety, trust issues now.

     Q    I'm sorry?                                    11:08:44

Page 51

A   Trust issues because now it's hard for me to trust people at work and just in general because now it's like, you know, I was lied to and betrayed. So from betrayal to trust, anxiety.  The list goes on.                                            11:09:07

Q   Well, keep going.  Give me the list.

A   Just I can't -- I can't do a lot of things that I'm able to do.  Like I said, able to take care of my father the way I used to.  That's from depression now because like, you know, he took care   11:09:20 of me when he was older -- I mean, when he -- yeah, when he was, you know, in his prime, and I was a kid.  Now the roles have reversed, and I can't do that right now.

Q   Now, when you say anxiety and trust and   11:09:33 can't do things, let's turn on the can't do things. Is that as a consequence of your injured hand?

A   Yes, sir.

Q   All right.

A   And also the hernias.                        11:09:47

Q   And the hernias?

A   Yeah.

Q   And have they caused you to be depressed?

A   Oh, heck yeah.  Yeah.

Q   And have they caused you to lose trust in   11:09:54

Page 52

people?

MS. SALINAS:  Objection.  Argumentative.

BY MR. NEUBAUER:

Q   You can answer.

A   Not necessarily lose trust in certain    11:10:00
people, but outsiders as far as like at jobs, like
it's hard now.  It's very hard to trust people at
these jobs because you don't know what you're going
to get out of them.

Q   Did you have any trouble in trusting    11:10:15
Third Party Logistics?

A   At the beginning, no.

Q   How about in trusting City Staff?

A   No.  They've been pretty good to me.  I
have no issues.                                       11:10:35

Q   Okay.  And the anxiety you commented on, is
that anxiety coming from your injured hand and the
hernia?

A   Yes, sir.

Q   All right.  Have -- are you taking any --    11:10:47
currently on my medication related to your hernia or
your hand or both?

A   Just my pain medicine.

Q   What pain medicine?

A   10 milligram Norco as needed.                 11:11:02

Page 53

Q    And how long have you been on that?2

A    About two years.

Q    Okay.  And have you done any calculation as to the amount of emotional distress --

Did they just turn the heat on                11:11:25

.  Is the heat on?7    Q    I hav

Q    I have no idea.  This is a big building.

the air-conditioning is working.

ake a recess and --10    A    No, no, no,

A    No, no, no, no.  No, no, no.  It's just t    11:11:34

climate changed.

If you want to take a recess at any t

let me know.

Oh, yeah.  No.15Thi

This is not an endurance -                     11:11:39

MS. SALINAS:  Do you want to take a quic

5 minutes to cool down?

THE WITNESS:  No, heck no.  No, no, no, no.

ight.20        MS. SALINAS:  Okay.

MS. SALINAS:  Okay.                            11:11:47

BY MR. NEUBAUER:

Other than Norco, any other medi

lking?  Are you taking any other24n?25A

n?25A    No, no.

A    No, no.                                    11:11:53

Page 54

Q   Have you made any calculation of the amount of emotional distress damages you're seeking in this case?

MS. SALINAS:  Objection.  Calls for legal conclusion.  Speculative.  Calls for expert opinion.    11:12:08

BY MR. NEUBAUER:

Q   I'm not asking for your legal conclusion, sir.  I'm asking as you sit here, have you in your own mind calculated how much you --

A   Honestly, no, no.                              11:12:16

THE REPORTER:  If you could just wait for him to complete his question.  Thank you.

BY MR. NEUBAUER:

Q   Okay.  So we have a clear record --

Thank you, Madame Reporter.                   11:12:22

Just so we're clear, as we sit here today, have you made any calculation of the amount of emotional distress damages you think you're entitled to?

MS. SALINAS:  Objection.  Calls for legal    11:12:34
conclusion.  Calls for expert opinion.  Calls for speculation.

You may answer if you know.

THE WITNESS:  No.

BY MR. NEUBAUER:                                  11:12:41

Page 55

Q   You've made no such calculation; correct?

MS. SALINAS:  Same objections.

THE WITNESS:  No, no.

BY MR. NEUBAUER:

Q   My statement is correct, you haven't made a    11:12:46

calculation; true?

MS. SALINAS:  Same objections.

BY MR. NEUBAUER:

Q   True?

MS. SALINAS:  Same objections.    11:12:52

MR. NEUBAUER:  Counsel, please let me

finish my question.

MS. SALINAS:  Of course.  Go ahead.

THE WITNESS:  Can you repeat it?

BY MR. NEUBAUER:    11:12:57

Q   As we sit here today, it's your testimony

that you've made no computation of the amount of

emotional distress damages you're owed; correct?

A   Can you rephrase that?

Q   All right.  You just said you haven't    11:13:08

calculated a number you -- when I asked you for a

number on emotional distress -- this is not -- I'm

not trying to trick.  I just want to know if you

have a number.

A   No, no.    11:13:20

Page 56

Q   As we sit -- I want to make sure for the record, as we sit here today, you yourself have not made any calculation of the amount of emotional distress damages you want in this lawsuit; correct?

MS. SALINAS:  Same objections.                    11:13:34

THE WITNESS:  I have not made any calculations.

MR. NEUBAUER:  Okay.  Thank you.

I'd like to -- Counsel, I propose we mark all the exhibits by number ad seriatim so we don't    11:13:58 have multiple numbers in various depositions.

MS. SALINAS:  Okay.  So you mean just following the numbers after each deposition?

MR. NEUBAUER:  Yes.

MS. SALINAS:  That's fine.                        11:14:10

MR. NEUBAUER:  So we don't have No. 1 in one deposition and another 1 in another.  I think that creates confusion.

So with that, Madame Reporter, I'll ask you to mark as Exhibit 1 a document entitled              11:14:19 "Plaintiff's Complaint for Damages."

MS. SALINAS:  He's got his copy?

MR. NEUBAUER:  That's for you, Counsel.

(Exhibit 1 was marked for identification by the court reporter.)          11:14:46

Page 57

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were placed under oath; that a verbatim record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; further, that the foregoing is an accurate transcription thereof.

I further certify that I am neither financially interested in the action nor a relative or employee of any attorney of any of the parties.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: March 11, 2026

*Maria Ellersick*

MARIA ELLERSICK

CSR No. 10531

Page 126

Sara Salinas, Esq.

sara@lawmercer.com

March 11, 2026

RE: Reamer, Myron v. Leggett & Platt, Incorporated, Et Al.

2/26/2026, Myron J. Reamer, (#7884227).

The above-referenced transcript has been

completed by Veritext Legal Solutions and

review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext

to schedule a time to review the original transcript at

a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF

Transcript - The witness should review the transcript and

make any necessary corrections on the errata pages included

below, notating the page and line number of the corrections.

The witness should then sign and date the errata and penalty

of perjury pages and return the completed pages to all

appearing counsel within the period of time determined at

the deposition or provided by the Code of Civil Procedure.

Contact Veritext when the sealed original is required.

__ Waiving the CA Code of Civil Procedure per Stipulation of

Counsel - Original transcript to be released for signature

as determined at the deposition.

__ Signature Waived – Reading & Signature was waived at the

time of the deposition.

Page 127

_x_ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, noting the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

__ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

Page 128

Reamer, Myron v. Leggett & Platt, Incorporated, Et Al.

Myron J. Reamer (#7884227)

E R R A T A   S H E E T

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

_____    03/16/26
Myron Reamer (Mar 16, 2026 15:10:32 PDT)                   _____

     (Myron J. Reamer)                                Date

Page 129

Veritext Legal Solutions
866-299-5127          calendar-ca@veritext.com          www.veritext.com

I, MYRON J. REAMER, do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this __16__ day of _____March_____, 2026, at ___Myron Reamer_____, ___Myron Reamer_____.

(City)                                    (State)

_____
Myron Reamer (Mar 16, 2026 15:10:32 PDT)

MYRON J. REAMER

Page 125

# Reamer - Errata Sheet

Final Audit Report                                                    2026-03-16

| | |
|---|---|
| Created: | 2026-03-16 |
| By: | Javier Mattan (javier@lawmercer.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7js_nVh8Y8It14ZTj5UlmeHEMzNSi4pg |

## "Reamer - Errata Sheet" History

📄 Document created by Javier Mattan (javier@lawmercer.com)
2026-03-16 - 10:05:30 PM GMT

✉ Document emailed to Myron Reamer (myronjreamer@gmail.com) for signature
2026-03-16 - 10:05:34 PM GMT

📄 Email viewed by Myron Reamer (myronjreamer@gmail.com)
2026-03-16 - 10:06:46 PM GMT

✍ Document e-signed by Myron Reamer (myronjreamer@gmail.com)
Signature Date: 2026-03-16 - 10:10:32 PM GMT - Time Source: server

✅ Agreement completed.
2026-03-16 - 10:10:32 PM GMT

**Adobe Acrobat Sign**